Filed 7/28/26  Jones v. Jones CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ALBERTA ROSE JONES,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DONALD DAVID JONES,<br><br>        Defendant and Respondent. | H052038<br>(Santa Clara County<br>Super. Ct. No. 23CV413077) |

In April 2018, a district court in Lincoln County, Oklahoma issued a "decree of divorce and dissolution of marriage" between Alberta Jones and Donald Jones.[1]  Five years later, in March 2023, Alberta filed a complaint for fraud against Donald in Santa Clara County Superior Court, alleging that Donald intentionally stole her marital assets that had been located in California, and seeking more than $8 million in damages.

The superior court ultimately dismissed Alberta's lawsuit in its entirety in 2024, on the grounds that Oklahoma had exclusive jurisdiction over the issues raised in the complaint.

On appeal, Alberta challenges the trial court's dismissal and three distinct orders that preceded it.  Finding no error, we affirm.

---

[1] Because the parties share the same surname, we subsequently refer to them by their first names.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Oklahoma proceedings

Alberta and Donald were married on February 26, 1980, in San Jose. In January 2015, Alberta filed a petition for dissolution of marriage in Lincoln County, Oklahoma.

On April 24, 2018, a district court in Lincoln County, Oklahoma issued a decree of divorce and dissolution of marriage between Alberta and Donald (Oklahoma decree).

On March 15, 2023, a court of civil appeals in Oklahoma affirmed the Oklahoma decree.

## B. California proceedings

On March 24, 2023, Alberta filed the complaint in this action.[2] It alleged one cause of action against Donald for "intentional fraud to unlawfully take marital property and personal property belonging to [Alberta]." Specifically, the complaint alleged that Donald took and "wrongfully concealed" Alberta's "marital assets" that had been located at two houses in Sunnyvale and Pacific Grove. The complaint sought "$8 million plus interest and damages."

Shortly after filing the complaint, Alberta filed a "motion to set aside default and default judgment" (motion). The motion sought to set aside "the default and any judgment thereon taken against [Alberta] in the State of Oklahoma." Referring to the Oklahoma decree as "the default judgment," Alberta argued that the Oklahoma district court lacked jurisdiction over the "marital assets" because they had been located in California. Further, she argued that Donald had obtained the Oklahoma decree fraudulently, by inaccurately claiming he was a resident of Oklahoma and that the couple had been legally separated, when in fact they were just living apart.

---

[2] Alberta had also filed an earlier petition for dissolution of marriage in Santa Clara County Superior Court case number 17FL003304, on August 8, 2017. Although the parties make references to the 2017 lawsuit, the record does not clearly indicate what transpired, or how or whether the lawsuit was resolved. In any case, it is immaterial to our consideration of the issues presented in this appeal.

Following a hearing, the trial court denied the motion on June 23, 2023.  The trial court's order stated:  "This court does not have jurisdiction to set aside an order or judgment that was issued by an Oklahoma state court."  Alberta later filed a motion for reconsideration, which the trial court denied on August 21, 2023.

Shortly after the trial court had denied the initial motion, Alberta had also filed a request for entry of default against Donald, in which she asserted that the complaint sought $10 million in damages.  The court granted the request on July 3, 2023.

On September 7, 2023, Donald sought to set aside the default and obtain an order dismissing the action altogether, on the grounds that the Oklahoma court had exclusive jurisdiction "over the issues set forth in [the] complaint and … a divorce judgment regarding the same issues was entered several years ago in Oklahoma."  Donald filed three documents in support of his request at the time:  (1) a "memorandum of points and authorities in support of his request to set aside default"; (2) a "declaration in support of his motion to set aside default"; and (3) a civil case cover sheet.  The record does not include any noticed motion or reference to any such motion filed at that time.

Donald based his request to set aside the default on Code of Civil Procedure section 473, subdivision (b), which provides in part that a court may "relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect."

Later in September, Alberta filed a motion for sanctions against Donald's attorney, in which she argued that he had falsely represented to the court that he had filed a notice of appearance in the case.  According to Alberta, Donald's attorney had set a hearing for

3

December 12, 2023, without paying the appropriate filing fees or filing a notice of motion.[3]

Alberta also filed a separate motion in November 2023, in which she moved to strike the three documents Donald had filed in September—the points and authorities, declaration, and civil case cover sheet—on the grounds that the court clerk had improperly filed them after Donald's default had been entered.

On December 7, 2023, Donald filed a motion to set aside the default, calendared for February 20, 2024. He argued again that the default should be set aside pursuant to Code of Civil Procedure section 473, and again requested that the trial court dismiss Alberta's lawsuit on the grounds that the Oklahoma court has exclusive jurisdiction over the issues set forth in the complaint.

In January 2024—before the hearing on Donald's motion to set aside the default and dismiss the case—the trial court entered a judgment in Alberta's favor, pursuant to a request for entry of judgment she had submitted in November 2023. The judgment included an award of damages to Alberta for more than $10 million.

### C. *Hearing and trial court order*

A hearing was held on February 20, 2024, on three pending motions: (1) Alberta's motion for sanctions; (2) Alberta's motion to strike Donald's September 7, 2023, filings; and (3) Donald's motion to set aside the default and dismiss the case. The trial court initially issued minute orders for the motions, which reflected that it denied Alberta's motions and granted Donald's.

The court subsequently issued a written order on June 4, 2024, memorializing its rulings on the three motions (order). The order stated that it denied Alberta's motion to strike documents and her motion for sanctions, and granted Donald's motion "to set aside

---

[3] The trial court denied the initial motion for sanctions—because it was unclear whether Donald had been properly served—but without prejudice to Alberta filing a subsequent noticed motion, which she did on December 11, 2023.

default and default judgment."  With respect to Donald's motion, the order stated that Alberta "did not oppose this motion," and that "[t]he case is dismissed in its entirety as the State of Oklahoma has exclusive jurisdiction over the issues raised in [the complaint]."

### D. *Appeal and appealability*

Alberta initially filed a notice of appeal on April 16, 2024.  We later augmented the record to include the order and deemed the notice of appeal filed on June 4, 2024, pursuant to California Rules of Court, rule 8.104(d).

Code of Civil Procedure section 581d provides in part that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes … ."

The order here meets those requirements, and is therefore an appealable "judgment."  (See, e.g., *Roe v. Doe 1* (2023) 98 Cal.App.5th 965, 972; *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157.)

## II. DISCUSSION

Alberta, proceeding on appeal in propria persona, argues that it was legal error by the trial court to dismiss the case on the ground that it lacked jurisdiction.

### A. *Standard of review and principles of appellate review*

We review a trial court's order of dismissal for lack of jurisdiction de novo. (*Robbins v. Foothill Nissan* (1994) 22 Cal.App.4th 1769, 1774; citing *Finnie v. District No. 1—Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311, 1318; *Stratton v. First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083.)

Notwithstanding that, a fundamental principle of appellate review is that we presume a trial court's judgment is correct, and the burden is on the appellant to demonstrate that the trial court committed an error that justifies reversal.  (*L.O. v. Kilrain*

(2023) 96 Cal.App.5th 616, 620 (*Kilrain*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [error must be affirmatively shown].)

In addition, an appellant must support each claim of error with meaningful analysis and citation to legal authority. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) The failure to raise a point or support it with reasoned argument and citations to authority allows the reviewing court to deem unsupported contentions forfeited. (*Ibid.*; *Kilrain, supra*, 96 Cal.App.5th at p. 620.)

An opening brief must, among other things, provide a summary of significant facts limited to matters in the record and include record citations in support of factual assertions. (Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(A), (a)(2)(C).) A reviewing court may not consider any statements of fact not supported by the record or any claims of error based on unsupported statements. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)

### B. Analysis

Alberta has largely failed to comply with the requirements set forth above. In short, we have difficulty discerning clear arguments in her briefs and, where we may be able to, Alberta has failed to cite applicable authority and analogize it to the facts at issue here. Moreover, where she does make factual assertions, they are almost entirely devoid of citations to the record.

For instance, the "legal argument" section of Alberta's opening brief contains three parts. The first part is headed, "Article IV, Section 1: of the United States Constitution—the Full Faith and Credit Clause puts a judgment behind the Constitution." (Boldface & capitalization omitted.) The text that follows cites two United States Supreme Court case—*Williams v. North Carolina* (1942) 317 U.S. 287 (*Williams I*), and *Williams v. North Carolina* (1945) 325 U.S. 226 (*Williams II*)—which Alberta claims stand for the proposition that "the federal government determines marriage and divorce

statuses between state lines," and that "[t]he Clause does not make a sister-State judgment a judgment in another State."

In *Williams I,* the United States Supreme Court held that divorce decrees from a Nevada court were entitled to full faith and credit in North Carolina because Nevada's jurisdiction regarding the decrees was not at issue on appeal. (*Williams I, supra*, 317 U.S. at pp. 292–293.) In *Williams II*—a case dealing with the same parties and same set of facts—the Supreme Court subsequently held that, in fact, the Nevada court did not have jurisdiction to issue the decrees. (*Williams II*, *supra*, 325 U.S. at pp. 227, 237.) In other words, the two cases stand for the general proposition that a judgment entered without jurisdiction is not entitled to full faith and credit.

To the extent Alberta means to argue that the Oklahoma decree at issue here was entered without jurisdiction, she has made no demonstration to that effect. Instead, she merely states: "Appellant alleged and made her claims clear in the Superior Court of California Santa Clara County not once but repeatedly. Court documents reflect these facts." Alberta has failed to support her argument with meaningful analysis, reasoned argument, or citations to the record, so we consider it forfeited. (*Kilrain, supra*, 96 Cal.App.5th at p. 620.)

The second part of Alberta's legal argument section is headed "jurisdictional issues in divorce where are the assets located and what state has control of the assets [sic]." (Boldface & capitalization omitted.) Under this heading, Alberta devotes several pages to summarizing the purported state of the law regarding various jurisdictional doctrines, and citing certain United States Supreme Court cases. However, she fails to apply any of the cited principles or authority to the facts of this case, or even mention such facts. It is not clear what arguments Alberta means to present in this section.

As one example, Alberta quotes the following statement from *Kline v. Burke Construction Co.* (1922) 260 U.S. 226, 230: "The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal

7

judgment, another action for the same cause in another jurisdiction is not precluded." Yet Alberta does not explain how the cited case or maxim applies here. To the extent she means to argue that the rule demonstrates the Oklahoma court lacked jurisdiction over assets that were located in California, she has failed to support her argument with meaningful analysis, reasoned argument, or citations to the record, so we consider it forfeited. (*Kilrain, supra*, 96 Cal.App.5th at p. 620.)[4]

The third part of Alberta's legal argument section is headed "federal question reviewable judgment rendered by a court having no jurisdiction over California assets." (Boldface & capitalization omitted.) The text that follows begins: "For the reasons to be stated, we are of opinion that the case is not reviewable on appeal; that it presents a federal question reviewable on certiorari; because of its importance, certiorari should be granted, and that the judgment must be reversed." It is not clear what the purpose of that text is, or why Alberta would contend her case is not reviewable on appeal.

The remainder of the text in this part of the legal argument section is no clearer. As another example, Alberta states: "In this Article, Mr[.] O'Brien examines the role of full faith and credit in resolving the conflict." It is unclear what article Alberta is referring to, or who "Mr. O'Brien" is—there are no other references to him in her briefs on appeal, and no citation accompanying the reference.

We can discern no coherent arguments in this part of the legal argument section.

---

[4] Nor would such an argument have any merit. In California, for instance, "family courts regularly use their jurisdiction over in-state divorcing spouses to order them to take whatever action is necessary to transfer *interests in* real property located out of state, and there is no jurisdictional obstacle to having divorcing spouses account for such property." (*Conservatorship of Hume* (2006) 139 Cal.App.4th 393, 405; citing Fam. Code, § 2660, subd. (b); *In re Marriage of Economou* (1990) 224 Cal.App.3d 1466, 1479–1483; *Muckle v. Superior Court* (2002) 102 Cal.App.4th 218, 226 [" ' "a court having jurisdiction of the parties ... may adjudicate their rights to land located in another state." ' "].) Moreover, Alberta was free to challenge—and did challenge—the jurisdiction of the Oklahoma courts within that state's judicial system.

Finally, we note that the "factual allegations/procedural background" (boldface & capitalization omitted) section of Alberta's opening brief also includes various legal assertions. For instance, Alberta cites her complaint as alleging that her assets "were intentionally stolen" by Donald, never left California, and were not marital assets. However, Alberta makes no argument that the trial court improperly dismissed the case on jurisdictional grounds.

Similarly, Alberta argues that the default judgments against Donald were "legally obtained," as Donald had failed to file a timely response "after being duly properly served a summons and complaint." Yet, she fails to address the scope of the trial court's authority to set aside the defaults and subsequently dismiss the case on jurisdictional grounds.

And Alberta argues that the trial court "falsely stated" that she did not oppose Donald's motion to set aside the default and default judgment. While the record does appear to reflect that Alberta opposed the motion, she does not argue or demonstrate on appeal that any such false statement by the trial court constituted prejudicial error. An appellant must affirmatively show prejudicial error. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403.) To satisfy that burden, an "appellant must provide an argument and legal authority to support [her] contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority," they are forfeited. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Alberta failed to carry that burden here.

In short, none of the assertions included in the factual background section addresses the fundamental question presented in this appeal: whether the trial court's dismissal of the case, on the ground that the Oklahoma court had exclusive jurisdiction over the issues presented in the complaint, was in error.

9

We are mindful of the fact that Alberta is self-represented, but this does not exempt her from compliance with the general rules set forth above. A party who acts as her own attorney " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [self-represented litigants obligated to make intelligible argument supported by citation to record and legal authority].)

### III.   DISPOSITION

The order is affirmed. Respondent may recover his costs on appeal.

_____
                    Wilson, J.


WE CONCUR:




_____
          Grover, Acting P. J.




_____
          Lie, J.




*Jones v. Jones*
H052038